Barbara Wells State officials sued in their official capacity in this action. I have three main points I wanted to make today in my oral argument. I'd like to briefly summarize them. Counsel, I always hate to do this when you're just getting to roll, but I do have one overriding question that from the beginning and the get-go is going to help me, and that's the question of whether you have the right parties before the court in looking at what the Alabama legislature and the Supreme Court has said. I'm quoting the Alabama Supreme Court. The statute says that the retirement system is under the management of the Board of Control for the purposes of providing retirement allowances and other benefits under this provision, the very provision that we're talking about. And then the Alabama Supreme Court has also said it's the RSA, that's the proper parties. You had them in there at one time and then evidently dismissed them out. And so the agencies that you have, they can't help you. You've got to go back. I think she agrees with this point, Judge Baldog. But the problem with that argument, it seems to me, is that we don't have jurisdiction to review it. I would love for you to answer that. I think we've got to get to the jurisdiction. I agree with that. I wanted you to understand where I was focusing in. I really hated to interrupt your argument. That's one of my three points, Your Honor. Very good. Or my ex parte young. Thank you. I'm not waiting to hear. But I'll first address... Well, see, let's get to this. I mean, those questions that you got, they came to me. Understood. Okay. And so it seems to me that if there's an interlocutory appeal of a denial of immunity here, that the immunity that we're concerned about is immunity from suit, not immunity from liability. That that is not the stuff of an interlocutory appeal. Respectfully, Your Honor, the state sovereign immunity of Alabama is not just immunity from liability. Unlike the sovereign immunity of Florida dealt with in the two cases that the court put in its questions to us, the immunity in Alabama is immunity from suit. And that was recognized... I know. I know. But the problem with that is, it's true that there is immunity from liability. She waived it by taking this case to this court, to the federal court. Respectfully, the Stroud v. McIntosh case acknowledges not only that the 11th Amendment includes an objection to a federal forum, but also all of the other defenses that the state would have enjoyed under its sovereign immunity in state court. And that includes not just immunity from liability, but immunity from suit, the ability to say we should not have to go to trial on this. And that is clear in the language of Stroud, that they are not only saying that the 11th Amendment includes either immunity from the forum or immunity from liability. There is a third type of component in 11th Amendment immunity, and that's immunity from suit, like what you have in qualified immunity. Well, all right. Let's focus this then. The immunity that you're talking about, the question for example about whether the plaintiffs have named the right defendant, that's immunity from suit? No. The question about the right defendant is our argument under summit, having to do with ex parte on this inapplicability to this action. Well, how does it get up to us though on an interlocutory appeal about a denial of immunity if it's about immunity from suit? If it's not a question of immunity from suit? I'd love to answer that question. Let me refer you to several cases. First, Puerto Rico Aqueduct and Sewer Authority, which recognizes that the 11th Amendment confers far more than just rejects specifically the argument that the 11th Amendment does not confer immunity from suit. There is immunity from suit, immunity from liability, and immunity from a federal forum. The Stroud case says that when a state, arm of the state, removes a case, they have waived their immunity to the federal forum, and we don't dispute that here. That means immunity from a federal forum for a federal forum for any state defendant, doesn't it? Well, Your Honor, that's a much tougher answer to find. I mean, it kind of has to be that though, doesn't it? I mean, because it's the state's immunity. Let me give you my policy argument for why I think that's the wrong way to go. I couldn't find any appellate law on this, Your Honor. I found the two district court cases that you cited. I didn't think the analysis was terribly deep in either one. But here's my policy argument. When you have a state like Alabama, where state sovereign immunity applies to so many divergent entities, including a sheriff, how is the actual decision maker in the Attorney General's seat, who really should be involved in this waiver issue before it happens, to know about that removal before it happens? So if a sheriff was sued, remove the case to federal court. We don't have that problem here, though. But you're making law not just for this case, Your Honor. You're making law that is going to affect future cases that could easily have that. That's maybe a problem for the state of Alabama and how it provides for the representation of sheriffs versus other state officials. Well, it's not just the sheriff problem, Your Honor. There are several divergent state agencies I know. No doubt it would be a lot more efficient for the state of Alabama if it reposed all that authority in the Attorney General. I certainly had that view at one time and probably still do. So what we're talking about is the adding of Ms. Graham as a defendant after it was removed. Is that what we're talking about? At this particular moment, although that's not the whole issue. I know, I know, I know. But just as a practical matter, if we say she's got 11th Amendment immunity because she wasn't a party to the case when it was removed, then if the plaintiffs go back, sue her in state court, would you remove her again? I mean, just as a practical matter. I mean, why wouldn't you remove her again? You removed the same suit against the other people. I think that's a fair point. And I would like to point out that the only waiver was the forum, the federal forum. I know that's your position. She probably also would argue splitting causes of action and there's a prior pending action. I mean, all kinds of things that she would end up arguing about. I'm with you on this. We have argued in the district court that we had an objection to the federal forum. Okay, so you're fine with the federal forum as to Ms. Graham. So you're fine with her being treated the same way as we treat the other defendants, despite the fact that she was added after it was removed to federal court. Thank you. Okay, that brings me back then that you're perfectly happy with the federal forum. Then how do you justify the fact you've got the wrong parties in this action? She's on your side on that. I'm voicing that for opposing counsel, too, because I'm really hung up on that. And I am, too, Your Honor. But we're going to let him answer that for us. But I want to be sure that everybody in here understands where I'm coming from. And I think if you look at summit versus prior, you have very clear authority that makes it clear that the 11th Amendment has recognized that the state official sued must have the ability to give the relief or enforce the law that's at issue for Ex parte Young to provide an exception to the 11th Amendment immunity. It's not altogether clear to me that your immunity from suit argument under Alabama law, under Section 14 of the Constitution of Alabama, in fact, would work. It was not altogether clear to me that you had made that argument in your brief. But to the extent that you did make that argument, you recognize, of course, that there's plenty of instances where the Supreme Court of Alabama nevertheless allows state officials to be sued. And it wasn't entirely clear to me that this wouldn't be one of those instances. I mean, to what extent have you explained in your briefing at all that under Alabama Supreme Court precedent, that this is the kind of controversy that would be subject to state law, about state constitutional law, about immunity from suit? The 11th Amendment is, oh my gosh, I'm getting close, I'm sorry. The 11th Amendment is the federal embodiment and recognition of the state's sovereignty. Oh, I understand that. So we have asserted that Article 1, Section 14 of the Alabama Constitution is the broadest immunity that a state could adopt. Yeah, well, that's true. But you recognize there's plenty of Alabama case law where state officials in state court are nevertheless subjected to suit. In their official capacity? Mm-hmm. There's mandamus actions. There's all kinds of equitable actions that the state Supreme Court, notwithstanding that, you know, what appears to be very, very strong statement of sovereign immunity in Section 14, they nevertheless allow state actions to proceed. Your Honor, the cases I've read, including Larkins v. Department of Mental Health and Mental Retardation, which is 806 Southern 2nd, 358, indicate to the contrary, that the Department is immune from suit in state court based on Article 1, Section 14. The Department, yes, but Ms. Graham, for example. Also the state officials that enjoy the same immunity. You're saying that if I go to the Alabama case law, I will find no case where anyone like Ms. Graham, where any state official is allowed to be sued in their official capacity? Only when that multi-part test is met that is like the ex parte non-doctrine, which is not applicable here. Mm-hmm. Why is it not applicable? If you're evoking immunity from suit under state law, how is it not applicable, and how have you explained that it's not applicable in your brief? I have not explained that. It was in the brief sufficiently, Your Honor, because I regretfully did not anticipate. I mean, you came in this morning and you say there are three kinds of immunity, which I understand that argument, and it's an interesting argument. I understand immunity from a federal forum. I understand the immunity from liability. You're saying there's a third kind that may well be right. There's not a lot of case law about that, that would nevertheless recognize the state sovereign immunity under state law. But to the extent that you're saying that that law applies, you are under some obligation to explain to us under state law how it applies. I don't see where that was ever done in this brief. And, Your Honor, I, again, apologize. I did not have my eye on this jurisdictional issue that you've pointed out in your questions, and I'm trying to use my time today to respond to them, but it's difficult because it isn't in the brief. Okay. I have a question before she sits here. Just, you know, I used to work in the Attorney General's office in Georgia, and the law has gotten a little bit more complicated since then. But just, I'm going to give you a hypothetical. So there's a state official who's interviewing a potential employee. The state official, nobody disputes, lies, cheats, steals about, you know, what benefits will be available to the employee once they accept employment with the state of Alabama. Undisputed. Untruth. The employee gets there. They don't have the benefits that were promised to them in the job interview. What's the remedy for the employee? Is there a remedy for the employee? Not in federal court. What about in state court? I'm not limited to federal court. What's the remedy? I offer supplemental briefing on that. I'm not prepared on that point. I mean, come on. I'm not prepared on that point. Ms. Wells, the problem is that, I mean, you come in today and said, you say not in a federal forum, but what you're saying is your argument now is a state law immunity suit, and it wouldn't depend on whether it's in a federal forum now, would it? That's fair. So the answer is no remedy. No, ma'am. The answer is I'm not prepared to answer that question. I'd like to supplement a brief. All right. Well, okay. Mr. Mozingo. See, this is why, by the way, I would just want counsel to know, this is why the court sent instructions for counsel to be prepared to address an oral argument these questions. This jurisdictional question was really not briefed by either set of parties or seen. And, you know, to make oral argument effective and productive, we try, as we're preparing the case, to give you some advance notice of what concerns us. And, you know, it's not especially helpful to get to oral argument and to ask these questions about which you've been given advance notice and to be told, I don't know, we didn't really brief that. I would like an opportunity for supplemental briefing. You know, I just don't for that observation. Mr. Mozingo. May it please the court, Judge Pryor, Judge Martin, and Judge Baldwin. I stand before you today on behalf of Special Agents Anthony Green, Brooke Walter, and E.J. Houghton, who are here in presence with us and who I wish to recognize on the second row behind me on my right side. The court has inquired whether interlocutory appellate jurisdiction exists for this appeal. The answer is emphatically no. First, this case or this appeal does not satisfy any of the three Cohen factors. Counsel, I understand that, and I agree wholeheartedly with what Judge Pryor has already told you. I've made it very clear what's bothering me in this very important case, not being from Alabama or the 11th Circ, but I'm very familiar when you don't have the right parties in the court, and you need to address that because I'm following the jurisdictional arguments, as was pointed out by the court, but it would help me a lot if you can tell me why the Alabama legislature and the Alabama Supreme Court, having addressed this specific thing, can give you relief from the people you have in the court. Your Honor, there are many, many, many reasons why we have the right parties. Just give me the legal reason. That's what I want. Well, let me start off with this legal reason, and it has to do with why we're here today and whether we have jurisdiction to entertain that argument. That is a question of merit. The district court decided below in denying summary judgment that we had the right parties, so you're inquiring into a question of merit that the college I'm inquiring into a question of law counsel as to what the Alabama legislature, as I read it, and what the Supreme Court has said, that you've got the wrong party. It should be the REA or the RSA, which you had at one time. Yes, sir, exactly, and the facts will show as follows. We did initially sue Dr. David Bronner in the circuit court of Montgomery County, Alabama, seeking the same relief we seek here. Dr. Bronner responded through his counsel to me, and that was consummated in a letter, which was filed with the district court, that they had no objection to what we were asking for. If they, in fact, participate in and contribute to the program, right? Well, that was correct, yes, Your Honor. That's what they said in the letter. That's what the letter said, but we have a second letter. But it depends really on the employer to actually make those deductions, right? It would going forward, yes, sir, and we're not seeking retroactive relief for what they've already missed out on, and I want to be emphatically clear about that. We're not seeking that. We're seeking to participate going forward, and we have a second letter from the retirement systems, which was attached to our motion for summary judgment in answer to Mr. Green, that said, you have the right to split retirement. What that means is this, and in fact, we already have it in this case. We have it with Ms. Walker. When Ms. Walker was working in the Alabama Attorney General's office as a special agent, she participated in state policeman retirement. She transfers to ALEA. Well, at that time, it was the Department of Public Safety. She transfers. She's the exact same classification, special agent, and she is denied state policeman retirement. She has to shift to a lower retirement program, which is possible in which the retirement systems recognized in their letter to Mr. Green that, yes, you can participate in split retirement. You can go from your retirement plan you're in right now to state policeman retirement going forward. I mean, she brought it to their attention. They said, oh, no, you're right. It was just an oversight. We'll fix it. Right? I mean, that's the allegation, at least. That's right. One of the arguments that they made below was, well, haven't you waived your, haven't the statute of limitations run? And the whole point was, we've been told repeatedly, we're going to fix it. We're going to fix it. It's not fixed today, Your Honor. Well, counsel, I really appreciate that, but I think now you need to press on into the jurisdictional question. I don't want to take any more time than that. We don't satisfy any of the Cohen factors. And to go back, Judge Ball. Mr. Mozingo, I will tell you, I have a related concern about what Judge Ball is phrasing. I'm just going to raise, we'll just call it an advisory opinion today, which I'm not supposed to do. But I don't think we have jurisdiction to address this question, but this is something you can reflect upon and, if necessary, fix. It does seem to me that the members of the personnel board would need to be proper defendants here. Have you thought about that? Would you like for me to address that? Sure. You can if you want to at that time. Well, the record establishes undisputably that the decision to exclude these special agents from state policeman retirement was made by Director Graham. He works for the board, though, right? She does. And if the board told her to do something else, she would have to do it, wouldn't she? Your Honor, there's no evidence the board has told her anything. No, no, no, no, no. As a matter of law, though, if the board told her to include them, she would have to do so, wouldn't she? Because she works for them. I'm just saying, just as a matter of law, it seems like to get the proper relief parties, you'd have to have the personnel board. See my point? You could be wrong, Your Honor. You could be right. Now, let's talk about the jurisdictional issue for a minute. So your adversary this morning has said that there are three different kinds of immunity that are implicated here. One is immunity from suit in a federal forum. One is immunity from suit altogether. One is immunity from liability. She seems to agree that immunity from liability is beyond our jurisdiction in this kind of interlocutory appeal. She also seems to agree that they have waived any immunity from a federal forum, but she argues that they nevertheless still have the right to argue that there is immunity from suit altogether under the state constitution. Now, I didn't particularly glean that argument from her brief, but do you have a view about that? I looked a little bit at that issue myself. There's a case called Ex Parte Retirement System of Alabama. It's 182 Southern 3rd, 527 Alabama Supreme Court, 2015, which, at least to me, the Supreme Court of Alabama has allowed an ex parte young type proceeding on behalf of plaintiffs seeking prospective injunctive relief. That is, an order enjoining the defendants from continue denying them benefits of employer contributions. They have allowed that kind of suit in the Alabama courts. Yes, sir, and I work on that appeal. They certainly have. And this suit was brought with... If that's true, then there's not immunity from suit here under Alabama law. No, sir, there's no immunity from suit. It's an exception to section 14 immunity under the Alabama constitution. The Alabama Supreme Court has been emphatically clear, time after time after time, that you can sue a state officer for injunctive relief in their representative capacity. And if you go back and look at the original complaint that was filed in the circuit court of Montgomery County, Alabama, Secretary Spencer Collier and Dr. David Bronner were sued in their, quote, Do you have any questions? No. Is there anything else you'd like to say, Mr. Misenko? Your Honor, I would like to say this in closing. We deny that Secretary, excuse me, Director Graham and Secretary Taylor have 11th Amendment immunity for the claims pled against them by the special agent seeking injunctive relief to end ongoing violations of their rights to due process and equal protection. We further deny that the court has jurisdiction over this interlocutory appeal, which does not satisfy Cohen and seeks to have a review of the merits. Special Agents Greenhound and Walker therefore respectfully ask you to deny this appeal for lack of jurisdiction and to remand this proceeding to the U.S. District Court from the District of Alabama for further proceedings. Thank you. Thank you. Ms. Wells. You have three minutes. Thank you, Your Honor. With respect to the case you cited to my counsel on the other side, because the ex parte young type exception isn't available in this case, that is the reason. Well, wait a minute now. The one that the state court is like the ex parte young in that it has to be prospective injunctive relief, and that is the other argument that we have for why this is not an appropriate. The relief they're seeking is about a crystallized past decision. It is not prospective. The only thing that's ongoing is the law. It is. They say the only thing they want is to be allowed going forward to participate in that retirement program. That's what they say. They say they have disclaimed in their briefs and here today at oral argument that they're seeking any retrospective relief. Doesn't that answer it? I mean, we've got to hold them to that, I suppose, but if that's true. It would be great if a medical complaint was so limited, but it's not. And therefore, you know, how are we to know that when they go back to state court, the district court below was confused about exactly what they were seeking and the extent to which how far back they wanted to go. Because if you look at their facts in the complaint, they are complaining that when they were hired in 2008 and 2009, from that point forward they should have been getting the kind of retirement that they weren't denied. What happens if in our proposed opinion, which I can't, we say that we see this as asking for prospective relief only, and it goes back? You still have the wrong defendants because Well, no, I'm asking you that question because your argument is nobody knows. But here in court and in their briefs, I agree. They say we're asking only for prospective relief. And we say for hypothetical, but that's what they're asking and that's all they're going to get. Where are you then? Under related federal rules of civil procedure, we were entitled to fair notice of that before today. Well, you had plenty of notice about that in their briefs. If we write that in the opinion, it goes back to the district court. Do you think the district court is going to ignore that we said that? No, Your Honor. Or allow them to reverse their position? I don't think the district court will do that. We're still dealing with a past decision that was made. Yes, it has present and future consequences. They have to give the setup of why they're entitled to future relief. Well, there's a further change that solidified this, and that is when the Alabama legislature passed 4127-7 to finalize the consolidation of the law enforcement agencies into the ALEA agency. They said that anybody, your current retirement classification, because there are many in the state employment system, is what you're stuck with going forward unless you change your job. Well, yeah. And we would ask that you reverse the lower case. Thank you. We will be in recess until tomorrow. All rise.